Pearson, J.
 

 This was trover. One count was for the conversion of a magistrate’s judgment for $100 against one Tulbright: The other was for the conversion of a note for $100 on said Tulbright. The proof was, that Tulbright had given the plaintiff a promissory note for
 
 *267
 
 $100. The plaintiff, by his agent, endorsed .the note to one Allen, in anticipation of a trade, which was not concluded, and the plaintiff then handed the note to the defendant, Potts, a constable, for collection, without striking out the endorsement to Allen. Potts took a judgment against Tulbright on the note, and afterwards sold thejudgment to the other defendant, Penland. The defendants. upon demand, refused to give up to the plaintiff either the note or the judgment; he then brought this action.
 

 The judge in the court below was of opinion, that the plaintiff could not recover on the first count, because “ a judgment,” of a magistrate was not a thing, that could be recovered in trover. This is settled.
 
 Cobb
 
 v.
 
 Cunningham,
 
 6 Ire. 368. But he was of opinion, that the plaintiff could recover for the conversion of the note, “ if the jury was of opinion that there had been a conversion of the note by the defendants; either by procuring a judgment to be rendered on it, or otherwise.” To this part of the charge, the defendants except, aiid we think the exception well founded.
 

 There was no wrongful conversion of the note, by ta.king a judgment on it, in the name of Allen. The endorsement passed the legal interest to him, and it was the plainliff’s fault not to strike out the endorsement, and, although the beneficial interest, according to the facts of the case, was still in the plaintiff', the defendant, Potts, did nothing more than his duty in taking the judgment as he did. The judgment nullified the note, and it was, therefore, of no force or effect, and ought to have been cancelled by the magistrate and filed away by him,, and, in strictness, he ought also to have kept the judgment (or rather the paper on which the judgment was written,) as evidence of his adjudication, in which both the plaintiff and the defendant were interested, but to which neither of them had any right, because it ought to
 
 *268
 
 be kept by the magistrate, so as to enable him to make a due return if a writ of
 
 recordari
 
 should issue. The rights of the plaintiff could be enforced by issuing an execution on. a separate piece of paper, and the rights of the defendants (if he should ever be sued again, for the same cause,) could be protected by a reference to the judgment, &c., still remaining in the hands of the magistrate, as a
 
 quasi
 
 record.
 

 We, therefore, do not concur in the opinion, that a note, after a judgment has been rendered on it in the name of the apparent legal owner, can be the subject of an action of trover. A judgment is a thing merely in contemplation of law, and trover will not lie for its conversion, whether it be the judgment of a court of record or of a magistrate. A note, after judgment has been taken on it, is defunct, has no existence and is not a thing, either in fact or in contemplation of law, and therefore trover cannot, be sustained.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.